NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 31 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ADOLFO SASVIN SANTOS, | No. 17-72239 |
| Petitioner, | Agency No. A206-680-520 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022**
Pasadena, California

Before: M. SMITH and R. NELSON, Circuit Judges, and DRAIN,*** District Judge.

Luis Adolfo Sasvin Santos petitions for review of the Board of Immigration

Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

applications for asylum and withholding of removal under the Immigration and Nationality Act, and deferral of removal under the Convention Against Torture ("CAT"). "We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal," *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017), and deny the petition.

"We review factual findings . . . for substantial evidence." *Id.* (quoting *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014)). This means that "to reverse such a finding, we must find that the evidence not only supports a contrary conclusion, but compels it." *Id.* (cleaned up).

1. Sasvin Santos argues that the BIA erred in dismissing his claims for asylum and withholding of removal because, as a victim, witness, and reporter of gang extortion, he is a part of a particular social group at risk for future persecution. He contends that those who report gang activity to the police share the immutable characteristic of reporting a crime, are easily verifiable because of their interactions with the police, and are recognized by society as a discrete class of people.

Although we have recognized that those who testify against gang members in a criminal trial can be members of a particular social group, *see Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013), we have explicitly held that people who have only "filed a report with the police," without more evidence of

2

social distinction, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020), or are simply "potential witness[es] to anything that can be characterized as [a] crime committed by a gang member," *Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021), do not qualify as particular social groups.

2.      Sasvin Santos next argues that the BIA erred in denying his CAT claim because it disregarded his testimony that the Guatemalan police work with gangs as well as country conditions reports and news articles evidence showing there is widespread corruption, extortion, and abuse within Guatemala's police force.

We deny Sasvin Santos's petition because substantial evidence supports the agency's decision. Although Sasvin Santos argues that gangs are still looking for him, he testified that people looked for him only once in two and a half years. And while Sasvin Santos's theory that the police tipped off the gangs after he reported their extortion activities is plausible, as the IJ acknowledged, the fact that gang members threatened him after he left the police station does not compel the conclusion that police would acquiesce to his torture. When Sasvin Santos went to the police, they indicated they were willing to help him, but Sasvin Santos was unable to provide the information requested. Moreover, the gang members reacted with hostility to Sasvin Santos's police report, and news articles reveal the Guatemalan government has undertaken steps to prevent gang activities, extortion,

3

and police corruption.

**PETITION DENIED.**